NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIE MOURATIDIS,<br><br>              Plaintiff,<br><br>    v.<br><br>ERIC SHORE LAW OFFICE,<br><br>              Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-4141 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Plaintiff Louie Mouratidis, pro se, brings this action alleging that a law office that agreed to assist him in an effort to obtain federal disability benefits, but which ultimately did not provide him any legal services, is harassing him for payment of a fee in excess of $5,400. Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

   1.   Because Plaintiff's application discloses that he is indigent, the Court will permit the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915, and order the Clerk of Court to file the Complaint.

2. Section 1915(e)(2)(B) requires the Court to screen the complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The Court also has a "continuing obligation to assess its subject matter jurisdiction" and may "dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court draws the facts of this case from the Complaint and exhibits attached thereto and, for the purposes of this screening, accepts the factual allegations as true.

3. Plaintiff alleges that in 2008 he went to the "Eric Shore Law Office" in Cherry Hill, N.J. (Compl. at 4.) He alleges that "[a]round 2009-2010, I signed an agreement paper for Eric Shore to represent my case" to apply for disability benefits. [Docket Item 1 at 12.] The attorney-client relationship was rocky from the start. [Id. at 13.] Plaintiff asserts that although he brought all of his documents to the law office, the lawyers in the office did not provide legal services to him. Plaintiff and his counsel argued about the handling of his case. [Id.] Eventually, Plaintiff filed a grievance against the law office and retained another lawyer, "Andrew J. Leibovits," to "handle[] the issue completely." [Id. at 14-15.]

4. Eric Shore filed a petition with the Social Security Administration for authorization to charge and collect fees for work related to Plaintiff's case. (Compl. at 4.) Plaintiff filed a "Motion to Strike & Motion to Vacate." (Id.) Administrative Law Judge ("ALJ") Louis McAfoos III signed an order approving a fee agreement between Eric Shore and Plaintiff in 2011, and, later, a petition to collect the same fee. [Docket Item 1 at 23.] However, the Regional Chief ALJ later reversed the order approving the fee petition, because of the prior fee agreement. The Regional Chief wrote:

> There are two alternative, mutually exclusive processes by which a representative may seek SSA's authorization for any fee he/she wants to charge and collect: the fee agreement process or the fee petition process. Since the fee agreement had been approved and not yet invalidated, Judge McAfoos' authorization of a fee under the fee petition process was erroneous. As such, any fee petition authorized in this case before the issuance of my determination invalidating the fee agreement is hereby rescinded. In addition, any fee awarded to Mr. Leibovitz under the fee agreement process is also rescinded.

[Docket Item 1 at 23-24.] It does not appear that the Regional Chief invalidated the approval of the original fee agreement, only the authorization of the fee petition.

5. Plaintiff's Complaint is, at times, hard to decipher. He states that he "is a claimant under the ADA, 42: U.S.C. Sec. 12102(2)(a), 527 U.S. 471 & under Sec. 504 of the Rehabilitation Act of 1937, W.B. v. Matula 67 F.3d 494, See, 20 C.F.R.

416.920(b)." (Compl. at 3.)[1] Substantively, Plaintiff complains of harassment by Eric Shore and seeks an order "demanding that the defendants stop their wrongful conduct," meaning the effort to collect a $5,443.73 fee related to Plaintiff's disability claims. (Id. at 4.) Plaintiff references N.J.S.A. 2C:33-4, a criminal harassment statute, and N.J.S.A. 2C:25-19(a)(13), which defines the term "domestic violence" in the criminal code. (Id. at 5.) Plaintiff also uses language sounding in Equal Protection:

> In an illegal attempt to collect an unlawful dept. the violation discriminated by it's disruptive impact against the Plaintiff/Clement & was & in is still being deprived (directly) of Equal Protections of all law, injured in his persons & deprived of forms of envisions by unlawful acts by such firm, by using soviet & nazi costopa methods.

---

[1] It does not appear that any of these citations are related to the present controversy. Section 12102(2)(a), 42 U.S.C., defines "major life activities" as it relates to disability. Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999) concerned minimum vision requirements for global pilots, and was later overturned by statute. Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794, concerns nondiscrimination under federal grants and programs, and was amended by the Workforce Innovation & Opportunity Act, P.L. 113-128 (2014). W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995) concerned violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and was abrogated by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (3d Cir. 2007). The cited federal regulation describes the evaluation process to determine whether an adult is disabled. See 20 C.F.R. 416.920(b). None of these statutes, regulations, or cases speak to the fee controversy described in the Complaint.

(Id. at 5.) Plaintiff states that he seeks to enjoin Defendant from collecting any fee and to restrain Defendant "from contacting any office of disability for the illegal collection of fees & furthermore to put an end to Eric shores (nazi costapo) methods." (Id. at 6.)

6.   The Court will dismiss the Complaint for lack of subject matter jurisdiction. The Third Circuit has held that the Social Security Administration's "determination of a reasonable fee for services during the administrative process could not be appealed to the district court." Guido v. Schweiker, 775 F.2d 107, 108 (3d Cir. 1985) (summarizing Chernock v. Gardner, 360 F.2d 257 (3d Cir. 1966)). The Third Circuit held that Congress "committed that decision to the discretion of the Secretary, and therefore, § 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, preclude[s] judicial review." Id.; see also Pepe v. Schweiker, 565 F. Supp. 97, 98 (E.D. Pa. 1983) (holding that "this Court lacks jurisdiction under § 205(g) [42 U.S.C. § 405(g)] to review the agency's determination as to the reasonableness of the fee" because the determination was made without a hearing, and § 205(g) permits judicial review only for final decisions of the Secretary made after a hearing) (citing Califano v. Sanders, 430 U.S. 99, 97 (1977), and Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983)). To the extent Plaintiff seeks to vacate the Social Security Administration's

5

approval of his fee agreement with Defendant, this Court is without jurisdiction to do so.

  7. The heart of Plaintiff's Complaint is a claim for injunctive relief to prevent further harassment by Defendant. Plaintiff seeks to prevent Defendant from collecting a fee that, in his view, is not owed. As Plaintiff himself acknowledges by referencing New Jersey statutes, state law provides the causes of action arising from the complained-of conduct here, whether it is styled as a civil harassment claim,[2] or a claim for intentional infliction of emotional distress,[3] or for breach of contract.

  8. For this Court to adjudicate state-law claims, the Court must have either diversity jurisdiction or supplemental jurisdiction flowing from some claim that involves a federal question. Diversity jurisdiction does not exist in this case because the contested fee is less than $5,500, well below the jurisdictional threshold of more than $75,000, and Plaintiff has supplied no other method of calculating the value of the object

---

[2] See Aly v. Garcia, 333 N.J. Super. 195, 203 (App. Div. 2000) (expressing no view on whether a civil cause of action for harassment exists under New Jersey law or what remedy is available).

[3] See Juzwiak v. Doe, 415 N.J. Super 442, 454-55 (App. Div. 2010) (stating that a claim for damages for harassment "is 'akin' to a claim for damages for intentional infliction of emotional distress").

to be gained by the Plaintiff with an injunction. See 28 U.S.C. § 1332(a); Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541-43 (3d Cir. 1995) (stating that the amount in controversy when injunctive relief is sought is "the value of the object of litigation" to the plaintiff and discussing how the value of an injunction could exceed the transactional costs or contested sums of money in a case). Here, Plaintiff does not argue that diversity jurisdiction exists; he asserts only federal question jurisdiction under the ADA. Nothing in the pleadings suggests that there is a "reasonable probability" that the amount in controversy exceeds $75,000. See Columbia Gas Transmission Corp., 62 F.3d at 541. Therefore, in order for this Court to have jurisdiction over Plaintiff's claims, Plaintiff needs to allege a claim involving a federal question under 28 U.S.C. § 1331.

9.   Plaintiff has not properly pleaded any federal claims. Although Plaintiff asserts that he qualifies as "disabled" under federal law, he does not assert facts that substantiate a claim arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 121001, et seq. The ADA addresses three kinds of discrimination against persons with disabilities: employment, public services, and public accommodations and services operated by private entities. Defendant here was not Plaintiff's employer or a provider of public services or a private entity providing

7

public accommodations. Plaintiff does not even assert that Defendant discriminated against him <u>because</u> of his disability and treated others without disabilities in a more favorable manner. Therefore, Plaintiff does not seek to enforce rights created by the ADA when he complains that Defendant is harassing him to collect a fee related to legal services or that Defendant breached a contract. Simply because federal law might qualify Plaintiff as disabled, or that this action tangentially is related to an administrative proceeding in the Social Security Administration, does not mean that any lawsuit filed by Plaintiff necessarily raises a federal question.

    10. Nor does Plaintiff state a claim for an Equal Protection violation under the Fourteenth Amendment of U.S. Constitution, as he does not allege discriminatory conduct by state actors. <u>See</u> <u>Bd. of Trustees of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 368 (2001) ("the result of <u>Cleburne</u> [<u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432 (1985)] is that States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational"). Again, Plaintiff does not assert that his status as a disabled person motivated any discrimination by Defendant, nor that the Defendant is an

employee or agent of the state,[4] both of which are required elements for an equal protection claim under the constitution.

11.   Thus, the Court fails to apprehend that Plaintiff's causes of action arise under any federal law, or that any federal rights are implicated by the contract or harassment claims outlined in the Complaint. Because the amount in controversy in actions seeking injunctive relief "is often not readily determinable," Columbia Gas Transmission Corp., 62 F.3d at 541, and because Plaintiff did not address diversity jurisdiction in his Complaint, the Court will dismiss the Complaint without prejudice. Plaintiff may file an Amended Complaint consistent with this Opinion and not merely repeating the same deficient allegations, but instead clarifying the causes of action he seeks to advance, as well as the

---

[4] Indeed, the U.S. Supreme Court has held that a private attorney does not act under color of state law when representing a private party in court. See Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 643 (1991) ("It is antithetical to the nature of our adversarial process, however, to say that a private attorney acting on behalf of a private client represents the government for constitutional purposes"); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980) ("Participation in a highly regulated profession does not convert a lawyer's every action into an act of the State or an act under color of state law") (citing Jackson v. Metro. Edison Co., 419 U.S. 345, 355 (1974), and Cuyler v. Sullivan, 446 U.S. 335 (1980)); accord Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

jurisdictional basis for his suit, no later than fourteen (14) days after the entry of this Opinion and Order.

    12. An accompanying Order will be entered.

**August 20, 2014**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       Chief U.S. District Judge